An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-124

Filed 1 October 2025

Perquimans County, No. 21CR000078-710

STATE OF NORTH CAROLINA

v.

ANDREW JERMAINE JORDAN, Defendant.


Appeal by defendant from judgment entered 9 July 2024 by Judge William D. Wolfe in Perquimans County Superior Court. Heard in the Court of Appeals 10 September 2025.

> *Attorney General Jeff Jackson, by Associate Attorney General Justin Michael Bradley, for the State-appellee.*

> *Ryan Legal Services, PLLC, by John E. Ryan, III, for defendant-appellant.*


GORE, Judge.

Defendant appeals from a judgment entered following a jury's verdict convicting him of possession of a firearm by a felon in violation of N.C.G.S. § 14-415.1 (2023). This Court has jurisdiction under N.C.G.S. § 7A-27(b) (2023) as an appeal of right from the superior court's final judgment in a criminal case. On appeal, defendant contends the trial court erred by admitting into evidence a pre-*Miranda*

statement that was obtained during custodial interrogation. We agree the challenged statement was obtained in violation of *Miranda*. However, because the remaining evidence presented at trial was sufficient to support submission of the charge to the jury, we discern no reversible error.

**I.**

On the morning of 5 March 2020, Perquimans County Sheriff's deputies, in conjunction with the State Alcohol Law Enforcement (ALE) Division, executed an arrest warrant for defendant, Andrew Jermaine Jordan, at a residence in Perquimans County. Officers surrounded the home and ordered the occupants to exit. Three individuals, including defendant, complied. Defendant was immediately handcuffed and detained at the scene.

After conducting a security sweep of the residence, officers obtained a second search warrant for marijuana and conducted a search of the home and surrounding curtilage. During the search, officers recovered a bag of pills, a .22 caliber rifle, a loaded magazine, and several envelopes of mail from a van located in the backyard. The mail, found on a back passenger seat, was addressed to defendant. The van was the only vehicle on the property.

While defendant remained handcuffed and in police custody outside the home, Deputy Murray approached him and informed him of the evidence recovered. Deputy Murray failed to administer *Miranda* warnings before initiating this conversation. In response, defendant stated he had purchased the van a month earlier.

At trial, defense counsel moved to suppress the statement, arguing it was obtained during custodial interrogation without prior *Miranda* warnings. During *voir dire*, Deputy Murray testified he did not ask defendant any questions other than standard biographical questions and did not pose any statement in an interrogative tone. The trial court denied the motion, concluding that defendant's statement was spontaneous and not the result of interrogation. The statement was subsequently admitted at trial over objection.

The jury convicted defendant of possession of a firearm by a felon, and the trial court sentenced him to an active term of 15 to 27 months' imprisonment. Defendant gave timely notice of appeal.

## II.

Defendant contends the trial court erred by admitting into evidence a statement he had made while in custody and before receiving *Miranda* warnings. Specifically, he argues the statement—offered in response to a deputy's disclosure of incriminating evidence—was the product of custodial interrogation and should have been suppressed. We agree. Because the totality of the circumstances demonstrates the law enforcement officer should have known their conduct was reasonably likely to elicit an incriminating response, the trial court erred in concluding defendant's statement was spontaneous and not the result of interrogation. *State v. Hensley*, 201 N.C. App. 607, 615 (2010).

Under *Miranda v. Arizona*, 384 U.S. 436 (1966), officers must administer

warnings before conducting custodial interrogation. As the Supreme Court explained in *Rhode Island v. Innis*, these protections apply not only to express questioning but also to its "functional equivalent"—that is, "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." 446 U.S. 291, 301 (1980). This inquiry "focuses primarily upon the perceptions of the suspect, rather than the intent of the police," but remains objective: interrogation exists only where police conduct was reasonably likely to elicit an incriminating response. *Id.* at 301–02. North Carolina courts apply this standard and require suppression of unwarned custodial statements unless the defendant knowingly and voluntarily waived their rights. *See, e.g., Hensley,* 201 N.C. App. at 615.

Here, there is no dispute defendant was in custody at the time questioning was initiated and he made the challenged statement. Officers arrested him pursuant to an outstanding warrant, handcuffed him, and detained him outside the residence while executing a search warrant. As defendant stood restrained and in the presence of law enforcement officers, Deputy Murray informed him officers had located drugs, a firearm, and mail addressed to defendant inside of a nearby van. No *Miranda* warnings had been given at that point. Although Deputy Murray did not pose a question, defendant's statement conveyed potentially incriminating information and was made in circumstances where a response was reasonably foreseeable. Defendant

replied he had purchased the van a month earlier.

Courts applying the standard from *Innis* have identified several factors, which may be relevant in assessing whether police "should have known" their conduct was reasonably likely to elicit an incriminating response, including: (1) the officer's intent; (2) whether the conduct was designed to elicit a response; and, (3) any knowledge of a defendant's susceptibility to certain forms of persuasion. *State v. Fisher*, 158 N.C. App. 133, 142–43 (2003), *aff'd*, 358 N.C. 215 (2004) (citing *Innis*, 446 U.S. at 302 & nn.7–8).

While the record does not establish Deputy Murray expressly intended to elicit a response, the content and context of his statement, linking defendant to seized items, supports the conclusion the statement was the functional equivalent of interrogation. *See Hensley*, 201 N.C. App. at 616–17.

Under *Miranda*, volunteered statements are not subject to suppression. 384 U.S. at 478. However, a statement is not considered volunteered if it is made in response to pre-Mirandized conduct reasonably likely to elicit a reply. *See Innis*, 446 U.S. at 301. In this case, defendant's statement was made following a communication from law enforcement officers linking him to contraband discovered during the search. Given the custodial setting, absence of *Miranda* warnings, and nature of the officer's statement, the trial court erred in concluding that defendant's response was spontaneous.

Because we conclude that defendant's statement was the product of custodial

- 5 -

interrogation in violation of *Miranda*, we must next determine whether the admission of that statement was harmless beyond a reasonable doubt. *See* N.C.G.S. § 15A-1443(b) (2023); *State v. Greene*, 332 N.C. 565, 582–83 (1992) (admission of *Miranda*-violative statement subject to harmless error review). We conclude that it was.

Although improperly admitted, defendant's statement—that he had purchased the van a month earlier—was not necessary to establish his constructive possession of the firearm. The State introduced other incriminating circumstances, including multiple pieces of mail and a court packet bearing defendant's name, address, and social security number, found on the passenger seat of the same vehicle where the firearm was recovered. No documents tied the van to any other individual. The van was located outside a residence where defendant lived or frequently received mail. This circumstantial evidence, while not conclusive, was sufficient to support an inference defendant exercised dominion and control over the van and its contents. *See Greene*, 332 N.C. at 582–83 (error harmless where cumulative inculpatory evidence remained); *State v. Crawford*, 301 N.C. 212, 215 (1980) (finding harmless error where identical evidence was introduced from multiple sources); *State v. Siler*, 292 N.C. 543, 552 (1977) (same). Because the State's remaining evidence independently supported submission of the firearm possession charge to the jury, we are satisfied beyond a reasonable doubt the erroneous admission of defendant's statement did not prejudice defendant and affect the outcome of the trial. *Crawford*, 301 N.C. at 215.

### III.

Although the trial court erred by admitting defendant's pre-*Miranda* custodial statement, the error was harmless beyond a reasonable doubt. The State introduced sufficient independent evidence from which the jury could infer defendant's constructive possession of the firearm. Accordingly, we discern no prejudicial or reversible error in the proceedings below.

NO ERROR.

Judges TYSON and MURRY concur.

Report per Rule 30(e).